UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA,
NORFOLK DIVISION

In re

ANDERSON LEE,  
BEVERLY E. LEE,

Case No. 11-70176-SCS

Chapter 13

    Debtors.

---

ANDERSON LEE,  
BEVERLY E. LEE,

AP No.: 11-07044-SCS

    Plaintiffs

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS ("MERS"),
NOMINEE FOR EQUIFIRST
CORPORATION, AND REAL TIME
RESOLUTIONS, SERVICER FOR MERS,

    Defendants.

---

**<u>ANSWER TO COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIEN</u>**

Real-Time Resolutions, Inc., servicing agent on behalf of Home Q Barclays, its assignees and/or successors in interest, (referred to hereinafter as "Defendant"), hereby submits its Answer to Complaint to Determine Extent and Validity of Lien ("Complaint" hereinafter) filed by

Donna J. Hall, Esquire  
Virginia State Bar No. 26513  
SAMUEL I. WHITE, P.C.  
5040 Corporate Woods Drive, Suite 120  
Virginia Beach, Virginia 23462  
Tel. (757) 457-1475  
Local Counsel  
dhall@siwpc.com

PROBER & RAPHAEL, A LAW CORPORATION  
P. O. Box 4365  
Woodland Hills, California 91365-4365  
Tel. (818) 227-0100  
Attorneys for Defendant

Anderson Lee and Beverly E. Lee ("Plaintiffs" or "Debtors" hereinafter) as follows:

1. As to Paragraph 1 of the Complaint, Defendant admits the contents regarding the property's mailing address and legal description. However, Defendant lacks sufficient information and belief to admit or deny the allegations regarding the appraised value of the property and on that basis, denies generally and specifically, each and every, all and singular of the allegations contained therein and demands strict proof thereof.

2. As to Paragraph 2 of the Complaint, Defendant denies that its address is P.O. Box 35888, Dallas, TX 75235 and that the second Deed of Trust is in favor of EquiFirst Corporation. Defendant lacks information and belief to admit or deny the allegations regarding EquiFirst Corporation going out of business as of February 20, 2009 and on that basis, denies generally and specifically, each and every, all and singular of the allegations contained therein and demands strict proof thereof. Defendant admits the rest of the allegations set forth in Paragraph 2.

3. As to Paragraph 3 of the Complaint, Defendant admits that it is the servicer of the second Deed of Trust and the amount claimed on the second mortgage is $53,378.07. Defendant denies the rest of the allegations set forth in Paragraph 3.

4. As to Paragraph 4 of the Complaint, Defendant admits the contents thereof, except Defendant lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis, denies generally and specifically, each and every, all and singular of the allegations contained therein and demands strict proof thereof.

5. As to Paragraph 5 of the Complaint, Defendant admits the contents thereof, except Defendant lacks sufficient information and belief to admit or deny the allegations

contained therein and on that basis, denies generally and specifically, each and every, all and singular of the allegations contained therein and demands strict proof thereof.

6. Defendant reserves the right to amend this Answer to add any additional defenses that may be revealed during investigation, discovery and presentation of evidence in this case.

### FIRST AFFIRMATIVE DEFENSE

Debtors cannot avoid the lien pursuant to 11 U.S.C. 1325(a)(5)(B)(i)(I) and 11 U.S.C. §1328(f)(1) because they have obtained a prior discharge on May 3, 2010 in a Chapter 7 case number 10-70190-FJS.

Pursuant to 11 U.S.C. 1325(a)(5)(B)(i)(I), a court shall confirm a plan if the plan provides that the holder of a secured claim retain the lien securing the secured claim until the earlier of (aa) the payment of the underlying debt determined under non-bankruptcy law or (bb) **discharge under section 1328**. 11 U.S.C. Section 1325(a)(5)(B)(i)(I) (emphasis added). Therefore, the lien should remain in place until Debtors complete their Chapter 13 Plan and discharge is granted. However, as set forth below, Debtors are not eligible for a discharge in this Chapter 13 proceeding and thus cannot avoid the second lien.

Pursuant to 11 U.S.C. §1328(f)(1), "the court shall not grant a discharge for all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order." Here, as discussed above, Debtors have received a Chapter 7 discharge within four years of filing the instant Chapter 13 case. Accordingly, Debtors are not entitled to a discharge in this Chapter 13 proceeding.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiffs fail to state a claim upon which relief can be granted and Defendant hereby moves to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiffs' Complaint is in violation of 11 U.S.C. §1322(b)(2), which states that a Debtor may "modify the rights of holders of secured claims, other then a claim secured only by a security interest in real property that is the Debtor's principal residence."

**FOURTH AFFIRMATIVE DEFENSE**

Upon information and belief, the value of the real property, which secures the claim of Defendant, may be greater than that indicated by the Plaintiffs and the second lien may be at least partially secured. Defendant is obtaining its own valuation of the subject property and will supplement this pleading accordingly.

**FIFTH AFFIRMATIVE DEFENSE**

Should the Plaintiffs successfully assert that there is no equity to secure the second lien, 11 U.S.C. Sections 348 and 349 prohibit the avoiding of the lien until the Plaintiffs complete their Chapter 13 Plan and receive a Chapter 13 Discharge pursuant to 11 U.S.C. Section 1328; *see* In re King, 290 B.R. 641, 651 (Bankr. C.D. Ill. 2003) (the lien-avoiding effect of the confirmed plan, while established at confirmation, is contingent upon a discharge pursuant to Section 1328.") *Also see* In re Jarvis, 390 B.R. 600, 607 (Bankr. C.D. Ill. 2008) ("The actual 'strip off' occurs not at confirmation, but rather at discharge."); *and* In re Prince, 236 B.R. 746, 749 (Bankr. N.D. Okla. 1999) ("Lien avoidance must be conditioned upon Debtors' completion of the Chapter 13 Plan and granting of the discharge in order to ensure that creditors' interests

4

are protected").

## SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs, by their own acts and omissions occurring at all times relevant to this action, are estopped by virtue of this conduct, from obtaining the relief sought in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant is informed and believes and thereon alleges that the alleged senior lien holder's payoff on the date of filing was less than that alleged by the Plaintiffs. Furthermore, the Complaint improperly relies on the Proof of Claim filed by the allegedly senior lien holder, which does not represent an accurate payoff balance.

WHEREFORE, Defendant prays for relief to each and every cause of action of the Complaint as follows:

1. Plaintiffs take nothing by way of Plaintiffs' Complaint and that the Complaint be dismissed;

2. Plaintiffs' request to avoid the second lien be denied;

3. Defendant be awarded its costs of this suit, including reasonable attorney's fees and other costs; and

4. For such other relief this Court deems appropriate.

Dated: April 8, 2011         Respectfully submitted,

**REAL-TIME RESOLUTIONS, INC., SERVICING AGENT ON BEHALF OF HOME Q BARCLAYS, ITS ASSIGNEES AND/OR SUCCESSORS IN INTEREST**

/s/ Donna J. Hall
Of Counsel

Donna J. Hall, Esq. (VSB # 26513)
Samuel I. White, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462
757-490-9284 (Phone)

Attorneys for Plaintiffs
Of Counsel
Prober & Raphael, A Law Corporation
P. O. Box 4365
Woodland Hills, California 91365-4365
(818) 227-0100
R.079-869

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2011, a true and correct copy of the foregoing pleading was served by the electronic case filing system and/or by first-class mail, postage prepaid, on the following parties:

> Edrie A. Pfeiffer, Esquire
> Hampton Roads Legal Services
> 2624 Southern Boulevard, Suite 101
> Virginia Beach, VA 23452
> Attorney for Debtors
>
> Anderson Lee and Beverly E. Lee
> 957 Railroad Avenue
> Chesapeake, VA 23324
> Debtors
>
> R. Clinton Stackhouse, Jr.
> 870 Greenbrier Circle, Suite 200
> Chesapeake, VA  23320
> Chapter 13 Trustee

/s/ Donna J. Hall